UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**DAVID L. NYITRAY III,** an individual,
**ISEA MARICHALAR,** an individual,
and on behalf of all others similarly situated,

      Plaintiffs,

v.

**VITALE'S III OF ALLEGAN, LLC**
a Michigan limited liability company,
**FRANCO LA FRANCA,** an individual and as
Executor of the Estate of **AGOSTINO LAFRANCA**,
**ROBERTO LEONARDI,** an individual, and
**DAVE TINWALDE,** an individual,
jointly and severally,

      Defendants.

Case No.
Hon.

---

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
Grand Rapids, MI 49503
(616) 257-6807
ralvarez@avantilaw.com

---

**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT**

NOW COMES the Plaintiffs, by and through their attorneys at the Avanti Law Group, PLLC, and in their Complaint states as follows:

1.     This is a civil action brought by Plaintiff David L Nyitray III ("Nyitray") and Plaintiff Isea Marichalar ("Marichalar"), on behalf of themselves and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), who worked for Defendants during the last three years or more, performing general labor in the State of Michigan. Plaintiffs complain that Defendants failed to pay them the overtime compensation to which they

were entitled under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., as well as the mandated minimum wage to which they were entitled to under FLSA.

2. Named Plaintiffs are similarly situated with all employees who worked or are working for Defendants and were paid on straight time for all hours over forty (40).

3. Named Plaintiffs are similarly situated with all employees who worked or are working for Defendants and were paid less than the federal or state minimum wage.

4. Defendants violated the FLSA by failing to pay its employees, including Plaintiffs, minimum wage and time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires that all non-exempt employees be compensated at minimum wage and for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

5. Named Plaintiffs are employees who are entitled to compensation and prompt payment of amounts that the employer owes an employee when the employee works, quits, or is terminated and other compensation that is prescribed by law.

6. Plaintiffs seeks a declaration that their rights, and those of the others similarly situated, have been violated, an award of unpaid wages, an award of liquidated damages, and an award of attorney fees and costs to make them whole for damages they have suffered. At the earliest time possible, Plaintiffs seek permission to send a Court-authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members, as defined below.

7. Defendants, likewise, have not and do not pay the overtime rate to other similarly situated workers or minimum wage. Plaintiffs bring a Collective and Class Action to recover unpaid compensation owed to themselves and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

## PARTIES

### *Plaintiff David L. Nyitray III*

8. Plaintiff Nyitray is a resident of the County of Kalamazoo, state of Michigan, whose consent to sue is attached hereto as *Exhibit A*.

9. Named Plaintiff brings this action on behalf of all current and former persons who were, are, or will be employed by Defendants throughout the state of Michigan at any time within at least, but not limited to, the three years prior to the filing of the initial Complaint and through the final disposition of this action, who were, are, or will be eligible for but did not receive the minimum wage for all hours worked and/or overtime compensation, or other proper wages due.

### *Plaintiff Isea Marichalar*

10. Plaintiff Marichalar is a resident of the County of Allegan, state of Michigan, whose consent to sue is attached hereto as *Exhibit B*.

11. Named Plaintiff brings this action on behalf of all current and former persons who were, are, or will be employed by Defendants throughout the state of Michigan at any time within at least, but not limited to, the three years prior to the filing of the initial Complaint and through the final disposition of this action, who were, are, or will be eligible for but did not receive the minimum wage for all hours worked and/or overtime compensation, or other proper wages due.

### *Defendant Vitale's III of Allegan, LLC.*

12. Defendant Vitale's III of Allegan, LLC, (hereinafter referred to as "Vitale's") is a Michigan limited liability company whose principal place of business is located at 320 Western Ave. Allegan MI 49010 (*see* https://www.yelp.com/biz/vitales-of-allegan-allegan*, last visited July 26, 2018).

13. The resident agent and current owner of Vitale's is Defendant Franco La Franca. *Exhibit C, LARA search*.

14. Defendant Vitale's is an italian restaurant serving pizza, pasta, and other such italian cuisine.

### *Defendant Franco La Franca*

15. Defendant Franco La Franca ("Franco") is the current owner of Defendant Vitale's.

16. Defendant Franco is responsible for the day to day operations to Defendant Vitale's.

17. Defendant Franco took over the business from Agostino LaFranca upon his death in October of 2017.

18. Ever since Defendant Franco took ownership, the restaurant still operates as Vitale's III of Allegan, LLC, and retains the same name.

19. Defendant Franco was named the Executor of the Estate of Agostino LaFranca (Kent County Probate Court Case Number 17-202220-DE).

### *Defendant Agostino LaFranca*

20. Defendant Agostino LaFranca ("Agostino") was the owner of Defendant Vitale's until his passing in October of 2017.

### *Defendant Roberto Leonardi*

21. Defendant Roberto Leonardi ("Leonardi") was a manager of Plaintiffs throughout their employment with Defendants.

22. Defendant Leonardi was responsible for scheduling Plaintiffs work times.

23. Defendant Leonardi was and is responsible for the hiring, disciplining, and termination of employees.

24. Defendant Leonardi set the wage rates for the Plaintiffs and others similarly situated.

25. Defendant Leonardi made decisions regarding how and when Plaintiffs and others similarly situated were compensated including whether or not to pay the required overtime premium for all hours worked over forty (40) hours per week.

26. Defendant Leonardi supervised Plaintiffs and Class Members.

27. Defendant Leonardi gave instructions and direction to the Plaintiffs and Class Members.

28. Defendant Leonardi would personally hand the employees payment in cash for all hours worked prior to March 2017, and cash for all hours worked after twenty (20) after March 2017.

### *Defendant Dave Tinwalde*

29. Defendant Dave Tinwalde ("Tinwalde") was a manager of Plaintiffs throughout their employment with Defendants.

30. Defendant Tinwalde was responsible for scheduling Plaintiffs work times.

31. Defendant Tinwalde supervised Plaintiffs and Class Members.

32. Defendant Tinwalde gave instructions and direction to the Plaintiffs and Class Members.

33. Defendant Leonardi would personally hand the employees payment in cash for all hours worked prior to March 2017, and cash for all hours worked after twenty (20) after March 2017.

### **COVERAGE**

34. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

35. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

36. At all material times, Plaintiffs and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce.

37. Plaintiffs were engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

38. Defendant Vitale's ordered food, supplies, and equipment from vendors located out of state.

39. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

40. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

41. Defendants provided training to Plaintiffs and Class Members, controlled and had knowledge of the hours to be worked by Plaintiff and Class Members, directed the work of Plaintiffs and Class Members and set the compensation received by each.

## JURISDICTION AND VENUE

42. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

43. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

44. Supplemental jurisdiction is appropriate because Plaintiffs' state law claim shares a common nucleus of operative fact with Plaintiffs' federal claim and are most efficiently resolved together in one court.

45. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Allegan, Michigan, within the United States Judicial District of the Western District of Michigan.

46. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## GENERAL ALLEGATIONS

47. Plaintiff Nyitray worked for Defendants Vitale's, Defendant Leonardi, and Defendant Tinwalde from March 2015 to December 2015 ("Term 1"), January 2016 to April 2017 ("Term 2"), and February 2018 to present ("Term 3").

48. In addition to the Defendants listed in Paragraph 47, Plaintiff Nyitray worked for Defendant Franco during Term 3 of his employment with Defendants.

49. Plaintiff Nyitray worked for Agostino LaFranca during Term 1 and Term 2 of his employment.

50. Plaintiff Nyitray was hired by Defendant Leonardi all three Terms of his employment with Defendants.

51. Plaintiff Nyitray worked as a driver and cook during Term 1 of his employment with Defendants.

52. Plaintiff Nyitray worked as a cook during Term 2 of his employment with Defendants.

53. Plaintiff Nyitray worked as cook and was given the title of supervisor during Term 3 of his employment with Defendants.

54. During Plaintiff Nyitray's employment as a driver and a cook, Plaintiff Nyitray was responsible for, *inter alia,* answering phones, doing dishes, mopping floors, sweep floors, roll pizza dough, make pizza sauce, refill the line in the kitchen, make pizzas, make pizza boxes, put away inventory when not in use, grind cheese, grind sausage, cut cheese, and make dough from scratch.

55. During Plaintiff Nyitray's employment as a supervisor, Plaintiff Nyitray was responsible for, *inter alia*, covering for other cooks performing all activities listed in Paragraph 54, and making sure food was being made properly.

56. Plaintiff Nyitray would on average work forty-five (45) to fifty-five (55) hours per week during the course of his employment across all three Terms.

57. During Term 1 of Plaintiff Nyitray's employment, as a driver/cook Plaintiff Nyitray was compensated in the amount of $3.50 per hour plus tips and delivery fees as a driver and $5.00 per hour as a cook.

58. During Term 2 of Plaintiff Nyitray's employment, as a cook Plainitff Nyitray was compensated in the amount of $7.00 per hour, and later on during this same term Plaintiff Nyitray was compensated in the amount of $8.00 per hour.

59. During Term 3 of Plaintiff Nyitray's employment, as a cook and supervisor Plaintiff Nyitray was compensated in the amount of $13.00 per hour.

60. During Term 1 of Plaintiff Nyitray's employment he was being paid less than state and federal minimum wage.

61. During Term 2 of Plaintiff Nyitray's employment he was being paid less than state minimum wage.

62. During Term 3 of Plaintiff Nyitray's employment, once Franco LaFranca took over, he started receiving overtime.

63. Plaintiff Marichalar worked for Defendant Vitale's, Defendant Leonardi, and Defendant Tinwalde from approximately 2016 to 2017.

64. Plaintiff Marichalar was hired by Defendant Leonardi.

65. Plaintiff Marichalar worked as a driver for Defendants for approximately six (6) to seven (7) months.

66. Plaintiff Marichalar worked as a cook for Defendants for approximately seven (7) to eight (8) months.

67. During Plaintiff Marichalar's time as a driver, Plaintiff Marichalar would sweep the premises, wash dishes, fold pizza boxes, organize inventory, and deliver food.

68. During Plaintiff Marichalar's time as cook, Plaintiff Marichalar would cook all of the food, clean up the kitchen, and wash dishes.

69. Plaintiff Marichalar would on average work forty-five (45) to fifty (50) hours per week during the course of his entire employment with Derfendants.

70. During Plaintiff Marichalar's time as a driver, Plaintiff Marichalar was compensated in the amount of $2.50 per hour plus tips and delivery fees

71. During Plaintiff Marichalar's time as a cook, Plaintiff Marichalar was compensated in the amount of $5.50 per hour plus tips.

72. During the entire duration of Plaintiff Marichalar's employment, his wages fell below the state and federal minimum wage.

73. During the entire duration of Plaintiff Marichalar's employment he was not being paid overtime premium for hours worked over forty (40).

74. Plaintiffs and others similarly situated would be paid straight time for hours worked over forty (40) hours per work week via cash.

75. Plaintiffs and Class members were not paid their mandated minimum wage for all hours worked.

76. Defendant Leonardi was in charge of clocking Plaintiffs and Class Members in and out.

77. On occasion, Defendant Leonardi would punch Plaintiffs and Class Members out in the middle of their shift.

78. Defendants Leonardi, Tinwalde, Agostino (before October 2017), and Franco (after 2017) were and are responsible for the day to day operation of Defendant Vitale's and

were directly involved in the decisions regarding the recruitment, hiring, work duties, scheduling and compensation of Plaintiffs and others similarly situated.

79. Defendant Leonardi and Defendant Tinwalde were and are responsible for the implementation and enforcement of company wide policies and practices.

80. Defendants Leonardi and Tinwalde would issue the workers their payroll checks and pay them in cash.

81. During the period of the parties' employment relationship, Defendants failed to pay overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

82. During the period of the parties' employment relationship, Defendants failed to pay minimum wage for all hours worked.

83. It was and is Defendants' company wide policy and practice not to compensate Plaintiffs, and those similarly situated, time and one half for all hours worked over forty (40) in a single workweek or to compensate them at minimum wage for all hours worked.

84. As a result of Defendants' company wide employment policy, Plaintiffs and others similarly situated were not compensated for all hours worked at the appropriate rate per workweek during their period of employment.

85. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.

86. Defendants did not compensate the Plaintiffs at a rate of one and one-half times her regular hourly rate for time worked over forty (40) hours per week as required by the FLSA.

87. The above allegations apply equally to the Class Members.

### **WILLFUL VIOLATIONS OF THE FLSA IN SUPPORT OF TOLLING BEYOND THE TWO (2) AND THREE (3) YEAR STATUTE OF LIMITATIONS**

88. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and class members at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff sand class members.

89. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

90. Defendants method of paying cash for certain hours worked and a check for the rest was intentionally implemented to keep overtime violations off the books in order for them to deny Plaintiffs and class members the same.

91. Defendants would pay Plaintiff and others similarly situated cash for hours worked either over or under twenty (20) hours per work week.

92. Defendant Leonardi would routinely clock Plaintiffs and Class Members out early in the middle of their shift without the Plaintiffs nor the Class Members' knowledge in order to not only to avoid overtime hours, but also to avoid paying Plaintiffs and Class Members for all hours worked.

93. Plaintiffs would bring up the shortened hours and the practice of clocking out their shifts early repeatedly to Defendant Leonardi, in which Defendant Leonardi did nothing to correct.

94. Defendants utilized their business and the practice of paying their employees in cash for those overtime hours to subvert their obligations under state and federal wage law.

95. Defendants knew or should have known that the company wide policy and practice was in violation of the FLSA.

96. Defendant Franco was previously investigated at his own establishment of Amore Pizza by the Department of Labor for possible FLSA violations December of 2016, thereby putting him on notice of any possible FLSA violations at Vitales of Allegan when he assumed ownership.

97. Defendant Franco has already been sued before for FLSA violations, thereby putting him on notice for any possible FLSA violations at any of the establishments he owns, including Vitales of Allegan. *Exhibit D.*

98. Defendant Agostino knew of Defendant Franco's Department of Labor investigation and as a result changed his policy slightly but not sufficiently to comply with the FLSA, thereby putting him on notice of any possible FLSA violations at Vitales of Allegan during his ownership.

99. Defendants actively misled Plaintiff and others similarly situated as to their right to receive overtime pay as required under the FLSA throughout their employment.

100. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, employees are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

101. Equitable tolling is read into every federal statute including the FLSA. *Holmberg v. Armbrecht,* 327 U.S. 392, 397.

102. Plaintiffs and all others similarly situated are entitled to equitable tolling of the statute of limitations extending the limitations period beyond the two as well as beyond the three

years permitted under the FLSA due to Defendants' intentional, willful and gross misconduct in utilizing their business and deceitful practices to circumvent their obligations under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

103. Plaintiffs realleges and incorporates herein all previous paragraphs.

104. All claims set forth in Counts I and II of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiffs bring these count on their own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants, and 2) were or are subject to the violations of the FLSA described in Counts I, II, and III. Named Plaintiffs do not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

105. With respect to all Counts, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

106. The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiffs, and their claims are based upon the same legal theory as the individually named Plaintiffs.

107. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over one hundred (100) individuals.

108. The class of individuals spans all employees who worked for Defendants.

109. As such, the class of similarly situated Class Members are properly defined as follows:

*Current and former employees of Vitale's III of Allegan located at 320 Western Avenue in Allegan, Michigan who worked for Agostino Le Franca, Franco Le Franca, Roberto Leonardi, and Dave Tinwaled who were not paid time-and-a-half for hours worked in excess of 40 hours during a workweek or minimum wage for all hours worked.*

Plaintiffs reserve the right to amend this definition as necessary.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.
## FAILURE TO PAY STATUTORY OVERTIME WAGE

110. Plaintiffs realleges and incorporates herein all previous paragraphs.

111. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

112. At all relevant times, Plaintiffs and Class members were "employee[s]" of Defendants as the term is defined under the FLSA.

113. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiffs to work and thus "employed" Plaintiffs within the meaning of FLSA, 29 U.S.C. §203(g).

114. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

115. By failing to compensate Plaintiffs and Class Members a rate of at least one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. Plaintiffs are victims of a uniform and company-wide enterprise which operates to not compensate employees one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendants.

116. Defendants' violations of the FLSA were knowing and willful.

117. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

118. As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

### COUNT II
### Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.
### FAILURE TO PAY STATUTORY MINIMUM WAGE

119. Plaintiffs hereby incorporates and realleges all the paragraphs above.

120. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

121. Plaintiffs were "employee[s]" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

122. Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs as defined by the FLSA.

123. Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

124. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

125. Defendants violated the FLSA by failing to pay Plaintiffs the federally mandated minimum wage for all hours worked.

126. Defendants did not pay Plaintiffs any hours of minimum wage while they were involuntarily punched off the clock by Defendant Leonardi.

127. Defendants' violations of the FLSA were knowing and willful.

128. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I;

B. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

C. Designation of Named Plaintiffs as Representatives of the Class Members;

D. Designation of Plaintiff's counsel as Class counsel;

E. Declaring Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth in Counts I and II;

F. Declaring Defendants violated its obligations under the FLSA;

G.  Granting judgment in favor of Plaintiffs and Class Members and against Defendants on the FLSA claim as set forth in Counts I and II and awarding each the amount of his/her unpaid wages, along with an equal amount as liquidated damages;

H.  Grant Plaintiffs and Class Members equitable tolling of the statute of limitation beyond the (2) two as well as beyond the three (3) years as prescribed by the statute;

I.  Awarding Plaintiffs and Class Members the costs of this action;

J.  Awarding Plaintiffs and Class Members reasonable attorneys' fees pursuant to the FLSA;

K.  Awarding Plaintiffs and Class Members pre- and post-judgment interest on their damages;

L.  Defendants pay prejudgment interest to Plaintiffs and Class Members on these damages;

M.  The Court grant such other and further relief as the Court may deem just or equitable.

## JURY DEMAND

NOW COMES Plaintiffs, David L. Nyitray III and Isea Marichalar, by and through their attorney, and hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 1, 2018                         Respectfully Submitted,

/s/  *Robert Anthony Alvarez*            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 7/31/18

David Nyitray III

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 7-31-18

*Isea Marichalar* (signature)

Isea Marichalar