UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID NYITRAY III, ET AL. )
   Plaintiffs, )
      )  No. 1:18-cv-846
v. )
      )  HONORABLE PAUL L. MALONEY
VITALE'S III OF ALLEGAN, LLC, )
 ET AL., )
   Defendants. )
_____)

## OPINION

This matter is before the Court on Franco La Franca's motion to dismiss claims against him as an individual and as the Personal Representative of the Estate of Agostino La Franca.

Plaintiffs David Nyitray and Isea Marichalar allege that the Defendants, including Franco, violated the Fair Labor Standards Act by failing to pay them overtime premiums. Franco argues that Plaintiffs' claims against the estate are time-barred under Michigan law, that he is not an "employer" for purposes of the FLSA, and that Plaintiffs have otherwise failed to plead that he personally violated the FLSA in their complaint. For the reasons to be explained, the Court will deny the motion.

### I.

Plaintiffs worked at Vitale's of Allegan, a restaurant specializing in Italian cuisine. Nyitray worked for Vitale's for three "terms": March 2015–December 2015, January 2016–April 2017, and February 2018–May 2018. Marichalar worked for Vitale's for approximately

one year, from 2016 to 2017, though the months are not evident from the Complaint. Plaintiffs allege that while they worked at Vitale's, the Defendants willfully deprived them of overtime wages as mandated by the Fair Labor Standards Act. Specifically, Plaintiffs claim that they were paid at straight-time rates, in cash, for hours that they worked in excess of forty.

A few more facts are necessary for the instant motion. Agostino La Franca owned and operated Vitale's of Allegan until his death. When Agostino died on October 3, 2017, Franco La Franca became Agostino's personal representative, charged with administering the estate.

Once Agostino passed away, Plaintiffs claim that Franco became the owner and took over operation of Vitale's. Nyitray also acknowledges that he "started receiving overtime" when Franco took over restaurant operations.[1]

However in his motion to dismiss, Franco declares that he has never been an owner of Vitale's and that his sole involvement with the restaurant came as the trustee to Agostino's Trust. He says that his status as trustee obligated him to operate the restaurant after Agostino's death because the property transferred automatically to the trust.

In any event, Franco published a notice to any creditors of Agostino's estate on November 9, 2017, as required under Michigan law. Therefore, any claims against the estate became time-barred if the creditor did not provide notice of the claim to Franco and the probate court within four months, running from the date of publication. *See* M.C.L 700.3803(1)(a); *see also* M.C.L. 700.3801(1).

---

[1] Plaintiff Marichalar does not claim to have worked at Vitale's after Agostino's death. Therefore, it appears that he has pleaded no claim against Franco.

It is uncontested that Plaintiffs sent no notice to the estate, and this action was not filed under August 1, 2018, well after the notice period had closed.

## II.

A complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and the "claim to relief must be plausible on its face" *Id.* at 570.  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). If the plaintiff does not "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform,* 648 F.3d at 369. The Sixth Circuit has noted that courts "may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1050 (6th Cir. 2011). However, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations"; rather, "it must assert *sufficient* facts to provide the defendant with 'fair notice of what the . . . claim is and  the grounds upon which it rests." *Rhodes v. R&L Carriers, Inc.,* 491 F. App'x 579, 582 (6th Cir. 2012) (citing *Twombly,* 550 U.S. at 555) (emphasis added).

Dismissal of a complaint under Rule 12(b)(6) is appropriate when an affirmative defense, such as the statute of limitations, can be determined from the face of the complaint. *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.,* 839 F.3d 458, 464 (6th Cir. 2016) (affirming dismissal of complaint based on expired statute of limitations); *Bishop v. Lucent Techs., Inc.,* 520 F.3d 516, 520 (6th Cir. 2008) (same). However, where fact questions cause a dispute as to when a cause of action accrued, it is generally inappropriate to dismiss a complaint on statute of limitations grounds. *Ibid.*

## III.

Franco raises various arguments for dismissal. First, he says that Michigan probate law bars the Plaintiffs' claims as to the Estate, because it was not brought within four months of publication of Agostino's death. Second, he says that either he is not an employer for

purposes of the FLSA or that Plaintiffs' well-pled allegations are insufficient to state a claim as to him.

In response, Plaintiffs claim that the FLSA preempts state probate law, or in the alternative, that the claims are not barred because Franco did not properly follow probate procedure by providing notice to them as known creditors. As to the individual capacity claims, Plaintiffs claim that Franco is liable either as a joint employer or under a theory of successor liability.

## A. Claims Against the Estate

The Court will first take up Plaintiffs' claims against Franco in his capacity as Personal Representative to the Estate of Agostino.

First, Franco is correct that Michigan probate law generally imposes a four-month statute of limitations for claims against an estate. Plaintiffs concede the point.

However, they claim that the four-month statute of limitations conflicts with the FLSA's two-year statute of limitations (which is expanded to three years for willful violations), so the FLSA preempts Michigan probate law.

The Court rejects Plaintiff's position that "the time differentials between the two statute of limitations makes it physically impossible for both laws to reconcile." (ECF No. 18 at PageID.162.) To the contrary, it is entirely possible to comply with both statutes. For instance, if Plaintiff Marichalar had sent a notice to Franco in response to Franco's publication within the four-month time frame, he would be within both of the pertinent statute of limitations even though he ceased working for Vitale's at some point in 2017. There is no conflict. *See, e.g., Gavitt v. Ionia Cty.*, 2014 WL 5666943 (E.D. Mich. Nov. 3, 2014)

(applying four-month limitations period from Michigan probate law to claim brought under § 1983 to conclude that the claim was time-barred); *see also Witco Corp. v. Beekhuis*, 38 F.2d 682, 688 (3d Cir. 1994) (concluding that the Delaware probate statute mandating an eight-month period for filing a claim against an estate did not conflict with three-year period for making a claim under CERCLA). In sum, Plaintiffs, with no precedent in their favor, ask the Court to rule that simply because the FLSA provides a statute of limitations greater than four months, it preempts Michigan's probate law. The Court declines to do so.

Second, Plaintiffs claim that the statute of limitations has not run because they were "known creditors" who did not receive proper notice under Michigan probate law. Under Michigan law, the personal representative of an estate must provide notice to creditors for whom they have actual notice or where the creditor's existence is reasonably ascertainable by the personal representative upon an inspection of the last two years of the decedent's records. *See* MCL 700.3801(1).

Plaintiffs do not claim that Franco had actual notice that they were creditors. They instead argue that their status as creditors was readily ascertainable and that Franco should have discovered them because of the FLSA violations at Vitale's Allegan.[2] Under Plaintiff's theory, Michigan probate law would not bar their claim, as the statute of limitations is three years for a known creditor who does not receive proper notice. M.C.L. 700.3803(c).

The Court has some doubt that Plaintiffs were reasonably ascertainable creditors to Franco. However, taking the facts pleaded in the light most favorable to them, it is at least

---

[2] Plaintiffs also claim that Franco has "deep familiarity" with what constitutes a violation of the FLSA because other enterprises he owns or previously owned have come under scrutiny for violation of the FLSA.

plausible Franco could reasonably ascertain their status. Particularly in light of the fact that Plaintiff Nyitray began receiving overtime pay once Franco took over operations at Vitale's, it is not outside the realm of possibility that employees like Nyitray and former employees like Marichalar were reasonably ascertainable creditors to Franco.

For this reason, *In re Zyla* is unpersuasive. There, the Michigan Court of Appeals dealt with a complicated maze of estates and personal representatives to determine whether certain individuals were reasonably ascertainable creditors under M.C.L. 700.3801(1)-(2). No. 281355, 2009 WL 1361715 (Mich. Ct. App. May 14, 2009) (unpublished per curim decision).

The Grapps were purported beneficiaries to the Zyla estate, which was administered by the estate's personal representative, Clarence Hill. *Id.* at *3 (Kelly, J., dissenting). The Grapps alleged that Hill had violated his fiduciary duty by falling to include them in the probate proceedings. However, Clarence was removed as personal representative by the probate court for failing to file an annual report on behalf of the estate. *Id.* Years later, once Clarence died, his personal representatives published a notice to creditors, but the Grapps did not learn of his death within the four-month statute of limitations and their subsequent claim was barred by the trial court. *Id.*

One issue on appeal was whether the Grapps were reasonably ascertainable creditors to Clarence Hill's personal representatives, and the Michigan Court of Appeals decided that they were not. *Id.* at 2 (majority op.). The court concluded that the probate court's order removing Clarence Hill as personal representative did not make the plaintiffs reasonably ascertainable because the basis for removal was Clarence's failure to file a simple report—not

anything to do with his alleged breach of his fiduciary duties. *Id.* The court summarized that "[i]n essence, to require such thorough investigation and expansive notice is to hold that defendants, as personal representatives of Clarence Hill's estate, had an obligation to send personal notice to everyone named in Frank Zyla and Elma Zyla's will and codicil because those individuals could potentially allege that Hill breached a duty as personal representative of the estate. This is not what is required by the statute." *Id.*

Here, the facts pleaded suggest that, unlike the personal representatives in *Zyla*, Franco had reason to learn of Agostino La Franca's alleged failure to pay overtime and that Franco took affirmative steps to address the overtime issue prospectively. Accordingly, the Court agrees with Plaintiffs that for purposes of the Rule 12 motion, their claim as to the Estate is plausible because they may be entitled to the three-year statute of limitations for known creditors who have not received notice under Michigan Compiled Law 700.3803(c). Thus, the motion to dismiss will be denied on this ground.

## B. Claims Against Franco in His Individual Capacity

Franco has also moved to dismiss the claims brought against him in his individual capacity. He first explains that Nyitray admitted in the Complaint that Franco properly compensated him for overtime wages once he took over operations of Vitale's. Therefore, Franco reasons that there can be no claim that he violated the FLSA after taking over operations at the restaurant. Second, Franco argues that the complaint fails to meet the requirements of *Iqbal* and *Twombly* by alleging specific facts as to him, which give rise to a plausible claim that he violated the FLSA.

8

In response, Plaintiffs assert that their theory is that Franco was a joint employer in Vitale's. Under the "joint employer test," "courts consider whether one defendant has control over another company's employees sufficient to show that the two *companies* are acting as a 'joint employer' of those employees." *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997) (emphasis added).

However, based on the allegations pleaded, Franco's only involvement in the Vitale's enterprise came after Agostino's death, at which point Plaintiffs have admitted that they received overtime pay. Plaintiffs have pleaded no facts that give rise to a plausible claim that Franco was a joint employer at any earlier time, so their argument is wholly unpersuasive. Absent some temporal connection between Franco and Vitale's during the time for which Plaintiffs allege that they were not paid overtime, there can be no FLSA claim against him in his individual capacity based on a joint employer theory.

Plaintiffs also argue that Franco has successor liability for Agostino's FLSA violations. For purposes of the Rule 12 motion, this argument turns on whether Franco was or was not an owner of the restaurant after Agostino's death. Franco says emphatically that he was not:

> Franco is not now, and has never been, an 'owner' of the Restaurant. Rather, upon Agostino's death, ownership of the Restaurant transferred to Agostino's Trust. Franco's sole involvement in the operation of the Restaurant thereafter was merely as Trustee of Agostino's Trust. **Franco's involvement in the Restaurant (as Trustee of the Trust) ended when the Trust sold the Restaurant's assets prior to the filing of this suit."** ECF No. 19 at PageID.211(emphasis added).

However, Franco has also attached documents from the Kent County Probate Court which suggest that he purchased the assets of Vitale's III of Allegan from Agostino Truste in the Spring of 2018 for $120,200. (ECF No. 11-3 at PageID.82–83.) The Court simply cannot

square the assertions in Franco's brief with court records approving of his purchase of the restaurant's assets.[3] Because the limited record before the Court suggests that Franco purchased the assets of the restaurant in his individual capacity, Plaintiff's successor liability theory is worthy of further discussion.

As a general matter, the Court agrees that, if given the opportunity, the Sixth Circuit would apply successor liability to claims under the FLSA, as at least one district court within the Circuit has concluded. *See Thompson v. Bruiser & Assocs., Inc.*, 2013 WL 1099796, at *6–7 (M.D. Tenn. Mar. 15, 2013) (noting that every Circuit Court of Appeal to have considered the issue concluded that successor liability did apply to claims under the FLSA). It remains an open question whether successor liability under the FLSA would turn on state law or federal common law.

In a footnote, Franco suggests that successor liability turns on Michigan law. However, the authority supporting the assertion, *City Management Corporation v. United States Chemical Company* established only that successor liability under CERCLA was governed by state law. 43 F.3d 244, 251 (6th Cir. 1994) ("As the district court held and all parties to this appeal acknowledge, the liability of a successor corporation for CERCLA obligations is determined by reference to state corporation law, rather than federal common law.").

By contrast, the Sixth Circuit has applied federal common law to evaluate successor liability in the context of federal employment-based claims, *Cobb v. Contract Transp., Inc.*,

---

[3] The Court has taken note of the careful language bolded in the previous paragraph. Counsel represents that "Franco's involvement in Vitale's (as Trustee of the Trust) ended when the Trust sold the Restaurant's assets[.]" If that "involvement" ceased because Franco purchased the assets of the Restaurant himself—as the documents suggest— counsel's candor with the Court is highly questionable.

452 F.3d 543, 550 (6th Cir. 2006), and most courts that have evaluated successor liability in the FLSA context have also applied federal common law. *See Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 403 (S.D.N.Y. 2012) (collecting cases).

Ultimately, the Court need not determine whether state law or federal common law applies now because Franco does not attempt application of either standard, instead relying on his assertion that he has never been involved with Vitale's of Allegan as an owner and thus cannot be liable as a successor to Agostino. But as the Court already noted, the limited record available for purposes of the Rule 12 motion suggests that Franco's assertion is simply not true. Therefore, the Court finds that, for the moment, Plaintiffs have pleaded a plausible claim that Franco La Franca may be individually liable under the FLSA under their theory that Franco is liable as a successor to Agostino Franca by virtue of his ownership of Vitale's.

## IV.

Discovery may shed significant light on the viability of Plaintiffs' claims against Franco La Franca, both in his capacity as personal representative and in his individual capacity, but the Court does not find that the pleadings demonstrate that either claim may be dismissed under Rule 12. Factual questions prevent the Court from concluding that the statute of limitations bars the Plaintiffs' claims against Franco in his capacity as Personal Representative of Agostino's Estate. The Court also concludes that Plaintiffs have stated a plausible claim that Franco may be liable as a successor to Agostino by virtue of his purported ownership of Vitale's III of Allegan.

## <u>ORDER</u>

As explained in the accompanying opinion, Franco La Franca's motion to dismiss (ECF No. 10) is **DENIED**.

Date:   <u>April 19, 2019</u>            <u>/s/ Paul L. Maloney</u>
                                    Paul L. Maloney
                                    United States District Judge